868 P.2d 324

**In the Matter of a Member of the State Bar of Arizona, Richard G. GAWLOWSKI, Respondent.**

**No. SB–94–0015–D.
Comm. No. 91–0140.**

Supreme Court of Arizona.
Before the Disciplinary Commission.

Feb. 9, 1994.

Timothy R. Smock, Phoenix, for respondent.

Nancy A. Greenlee, State Bar Counsel and Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona, Phoenix, for the State Bar.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed before the Court,

IT IS ORDERED, ADJUDGED AND DECREED that RICHARD G. GAWLOWSKI, a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against **RICHARD G. GAWLOWSKI** for costs incurred by the State Bar of Arizona in the amount of $298.20, together with interest at the legal rate from the date of this judgment.

### EXHIBIT A

BEFORE THE DISCIPLINARY COMMISSION

OF THE

SUPREME COURT OF ARIZONA

Comm. No. 91–0140

In the Matter of

Richard Gawlowski,

a Member of the State

Bar of Arizona,

Respondent.

*DISCIPLINARY COMMISSION REPORT*

Dec. 10, 1993

This matter came before the Disciplinary Commission of the Supreme Court of Arizona

on October 16, 1993, on an agreement for discipline by consent, pursuant to Ariz.R.Sup. Ct., Rule 56(a). The agreement, providing for censure, was tendered prior to the issuance of a formal complaint, and was reviewed by the Commission without referral to a hearing committee, pursuant to Rule 53(b).[1]

### Decision

After review of the record on appeal, the Commission, by a concurrence of the seven members present,[2] recommends that the agreement for discipline by consent be accepted, and that the respondent, Richard Gawlowski ("Gawlowski"), be censured. The Commission unanimously adopts the tender of admissions and agreement for discipline by consent and the joint memorandum in support of the agreement for discipline by consent as its findings of fact and conclusions of law.

### Facts

This proceeding concerns four matters which Gawlowski handled while employed by a law firm. In the first matter, Gawlowski was responsible for a personal injury lawsuit filed in 1987. Service of process was not made when the lawsuit was filed because the client's injuries had not yet stabilized. In mid–1988, Gawlowski directed that service be made, but did not follow up to ensure that it had been accomplished. Service was never made. Gawlowski did not discover this until April 1989, at which time he sought an extension of the matter on the inactive calendar. That request was denied and the case was dismissed. Gawlowski made further attempts to resurrect the lawsuit, but was ultimately unsuccessful. Gawlowski fully explained the situation to his client, admitting that the dismissal was due to his inattention. The client then filed a malpractice claim against the law firm, which has since been settled.

The second matter at issue, concerning a subrogation matter Gawlowski handled on behalf of an insurance company, was also dismissed from the inactive calendar. It appears that the normal firm procedure for receipt of docket material was not followed in this matter, and Gawlowski never received the minute entry regarding the dismissal. When Gawlowski became aware of the dismissal, he moved to have the case reinstated. Although the motion was granted, that decision was overturned on appeal, and was still pending at the time the agreement for discipline was filed.

The respondent was also hired by an insurance carrier to represent a defendant attorney in a complicated malpractice action. After a settlement was reached in the matter, Gawlowski failed to submit an order exonerating the supersedeas bond which had been posted by the insurance carrier. One year later, Gawlowski learned of this oversight, and had the order signed and the bond exonerated.

In the final matter, Gawlowski was responsible for a case in which he failed to timely conduct discovery, failed to file his list of witnesses and exhibits, and failed to adequately communicate with the client.

The respondent conditionally admits that his conduct was in violation of ER 1.3, ER 1.4, and ER 3.2.

### Discussion of Decision

■ The Commission agrees that the respondent failed to act with diligence in all of the matters discussed above, in violation of ER 1.3. He also failed to expedite litigation in each matter, in violation of ER 3.2. Finally, Gawlowski failed to maintain adequate communication in the last two matters discussed, in violation of ER 1.4.

In determining the appropriateness of a disciplinary sanction, the Commission finds it helpful to review the American Bar Association's *Standards for Imposing Lawyer Sanc-*

1. Rule 56(a) provides that a respondent may tender a conditional admission of a charge in exchange for a stated form of discipline other than disbarment. Rule 53(b) further provides that when an agreement for discipline is filed prior to the issuance of a formal complaint, it

shall be submitted directly to the Commission for review.

2. Commissioners Burlison and Swick did not participate in these proceedings.

*tions.* This is the guideline used by the supreme court. *In re Rivkind,* 164 Ariz. 154, 791 P.2d 1037 (1990).

Standard 4.4 is applicable to Gawlowski's lack of diligence and failure to communicate with his clients. Standard 4.43 provides for censure when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client. Standard 4.42 provides for suspension when the failure to perform services is intentional, or there is a pattern of neglect. The Commission does not find that Gawlowski intentionally neglected these cases; rather, he failed to ensure that his instructions were being followed and that proper procedures were being implemented. The result of that lack of diligence was that two cases were apparently dismissed, a supersedeas bond posted by a client existed for one year longer than was necessary, and clients were not kept apprised of the status of their cases. While the existence of the four cases indicates a pattern of neglect, the Commission agrees with the State Bar that the mitigating factors present indicate that a suspension would be inappropriate in this instance.

Factors to be considered in aggravation and mitigation are addressed by Standards 9.22 and 9.32, respectively. In aggravation, Gawlowski has exhibited a pattern of misconduct and multiple offenses. In addition, he has substantial experience in the practice of law, having been in practice for thirteen years.

The mitigating factors are many. The respondent has no prior disciplinary record, he had no dishonest or selfish motive, he has made a timely good faith effort in each case to make restitution or rectify the consequences of his misconduct, he has expressed remorse and embarrassment, and he has been extremely cooperative throughout these disciplinary proceedings. Gawlowski candidly admitted responsibility for his misconduct at the onset of these proceedings, eliminating the need for the filing of a formal complaint, and has been very cooperative in entering into the consent agreement. Finally, Respondent Gawlowski was under extreme pressure during the time period that the misconduct occurred. His position at the law firm involved a great deal of responsibility, yet he was not able to delegate any of his enormous workload. The combination of a large workload and a lack of good organizational skills, in part, led to his misconduct. At that time, in addition, his fiance (now wife) was diagnosed with a serious illness, which added greatly to his stress.

In its determination that censure is adequate, the Commission also considered the respondent's conduct since the misconduct occurred. Because of his wife's illness, the respondent has since moved to Seattle, where he took and passed the Washington bar examination in 1990. Since that time, he has been employed by a litigation firm, where he has consistently been prompt, on top of his cases, and attentive and communicative to his clients, and has received good reviews from his employers. Apparently, Gawlowski has taken this opportunity to wipe the slate clean, and correct some of the problems exhibited by his past misconduct.

The purpose of lawyer discipline is not to punish the offender, but to deter others and protect the public. *In re Pappas,* 159 Ariz. 516, 768 P.2d 1161 (1988). It is clear to the Commission that this respondent has taken steps to rehabilitate himself. The Commission believes that Gawlowski is no longer a danger to the public, as he has made a concerted effort to change his own behavior for the better and has, apparently, been successful. In light of the circumstances unique to this matter, imposing a suspension upon Gawlowski at this date would serve only as a punishment. The Commission recommends that the agreement for discipline be accepted and that Gawlowski be censured.

RESPECTFULLY SUBMITTED this 10th day of December, 1993.

/s/ Steven L. Bossé

Steven L. Bossé, Chairman

Disciplinary Commission